DAWKINS, J.
Defendant Gomez was tried for murder, convicted of manslaughter, and prosecutes this appeal from a sentence of from 18 to 20 years at hard labor.
Several bills of exception appear in the record, but the only two questions which were mentioned in oral argument • or have been considered in appellant’s brief are that the jury was improperly exposed to outside influence, and the trial judge ignored the recommendation of the jury for leniency. On the other hand, the brief for the state discusses all the bills in the record, but says nothing about the recommendation of the jury or the action of the judge thereon. We find no assignment of error or bill of exception dealing with the sentence of the court.
Exposure of the Jury.
There is some evidence in the record to the point that at one time, for about ten minutes during the trial, the jury was left in the jury room without a deputy sheriff, either in the room or in the hallway outside. However, the three deputies who were in charge of the jury during the trial were sworn, and each testified that he never left his station outside the jury room door until the other came on. The jury room was on the second floor of the courthouse, and the only access thereto was through the door, except the glass inclosed and screened windows overlooking the courtyard. There was not the slightest suggestion that any one communicated with or influenced the jury in any ‘ way, but merely that the deputy sheriff was away from his post of duty for about 10 minutes, and this was overcome by the weight of the evidence. It was not necessary that he should remain in the jury room, provided he was situated where he could see that they were not exposed. In fact, it would have been improper for him to remain in the jury room while they were deliberating on their verdict.
We find no error in the ruling on the motion for new trial.
The Sentence.
 We know of no law which compels the judge, in the exercise of his discretion, within the limits of the statute under which an accused is convicted, to give heed to the recommendation of a jury for leniency. It is true that Act 74 of 1914 provides for the submission to the jury of evidence of the prior good character of an accused and as to whether he has previously been convicted, to guide them in determining whether to recommend a suspension of sentence, or that they may so recommend “in any case”; hut even that statute uses the word “may” in the matter of the suspension. We are not called upon, however, to construe it in this case, because there was no recommendation for a suspended sentence. We cannot legislate or substitute our own discretion for that which appears to have been- left exclusively in the trial court.
While we shall not discuss the other bills in detail, we find no merit in any of them.
The conviction and sentence are affirmed.
O’NIELL, C. J., concurs in the decree.